# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANK LEWIS WHITE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:14-cr-00252-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Petitioner's Motion for Sentence Reduction (Dkt. 72). The United States filed a Response (Dkt. 73) and Petitioner made no Reply. For the reasons stated below, the Court will deny Petitioner's motion

## BACKGROUND

Petitioner was found guilty by a jury on Count One of the Indictment on August 12, 2015. *Judgment* at 2, Dkt. 54. He was sentenced to 84 months of imprisonment. *Id*. Petitioner appealed, and the Ninth Circuit affirmed his sentence. *Order*, Dkt. 70. On March 15, 2018, Petitioner filed this motion.

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010). Thus, "a judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Id*. at 824 (internal

modifications and citations omitted) (citing 18 U.S.C. § 3582(b)). Such circumstances include where a sentence is corrected pursuant to Criminal Rule 35, upon motion by the government pursuant to Rule 35, or where the sentence is appealed the case is remanded to the district court for resentencing. *See* 18 U.S.C. § 3582(b); Fed. R. Crim. P. 35. Alternatively, the Court may modify a sentence upon motion by the Director of the Bureau of Prisons, or if otherwise expressly authorized by statute. § 3582(c)(1). Finally, the Court may modify a sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2).

Petitioner asks that his sentence be reduced because he was unable to qualify for a reduction in sentencing by participating in RDAP, and on the grounds that he has not incurred any disciplinary citations. *Motion* at 2, Dkt. 72. He further argues that his sentence should be reduced on account of his disability. *Id.* None of the grounds articulated by the Petitioner, however, fall into the limited category circumstances that would authorize the Court to consider reducing his sentence. Accordingly,

**IT IS ORDERED:**

1. Petitioner's Motion for Sentence Reduction (Dkt. 72) is **DENIED**.

DATED: August 31, 2018

B. Lynn Winmill
Chief U.S. District Court Judge